965 So.2d 297 (2007)
Robert BAEHREN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D07-3425.
District Court of Appeal of Florida, Fourth District.
September 14, 2007.
Robert Baehren, Stuart, pro se.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for respondent.
FARMER J.
This case returns to us following our August 22, 2007, grant of habeas corpus with instructions to determine "whether there is any evidence to sustain a finding that Baehren committed a new offense while he was on pretrial release."[1] At a hearing, one of the alleged victims explained that when her credit card company called with some suspicious charges she then thought Baehren was using her card and so she had called the police. Both victims testified, however, that although they were originally under the impression that Baehren had misused their credit card, when they received their actual statement from the issuer, their suspicions were cleared up. They testified that their later affidavitstating that Baehren had not misused their identitywas true.
Without allowing Baehren to argue further, the trial judge said he had heard enough and found that there "is or was" probable cause to believe Baehren had committed a new offense. The judge observed that the State's dismissal of the new charges did not legally establish that probable cause was lacking and that he could revoke bond because of the commission of a new offense. We disagree.
The State did not challenge the new testimony of the witnesses. We also note that the judge denied defendant's request for a transcript of the most recent hearing in which the testimony was given. In light *298 of the circumstances and the unchallenged testimony of the witnesses whose complaint caused the new charges to be brought in the first place, we conclude that the record evidence does not support the trial court's finding that there is sufficient evidence of probable cause to believe that Baehren had committed a new offense while on pretrial release. We therefore quash the order and direct the trial court to reinstate his bond.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] Baehren has filed an entirely new petition for habeas corpus following the hearing on remand, rather than a motion to enforce our decision in the earlier decision.